**In the Matter of 444 NORTH NORTHWEST HWY, LLC, Debtor.**

**No. 12 B 27041.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 11, 2012.

Stephen J. Brown, Brendan McGarry, Schuyler Roche & Crisham, Michael J. Faley, Crisham & Kubes, Chicago, IL, for Debtor.

James M. Crowley, Patrick D. Lamb, Shannon C. McKinley, John F. Sullivan, Crowley & Lamb, P.C., Chicago, IL, for Daniel J. Hyman of Millennium Properties, R/E, Inc.

Jeffrey L. Gansberg, Martin J. O'Hara, Jeffrey M. Schwartz, Much Shelist, Chicago, IL, for Northbrook Bank & Trust Co.

### OPINION AND ORDER DENYING MOTION OF DEBTOR TO DISQUALIFY COUNSEL FOR NORTHBROOK BANK

JACK B. SCHMETTERER,
Bankruptcy Judge.

Debtor, 444 North Northwest Hwy, LLC, ("444" or "Debtor") and Northbrook Bank and Trust Company ("Northbrook" or "Bank") and another creditor were some months in litigation in an Illinois State Court after the Bank sought to foreclose its mortgage against the Debtor. The Debtor then filed this Chapter 11 Bankruptcy case, and the parties squared off on some fast moving litigation here:

1. Motion of Bank to Modify Stay under 11 U.S.C. § 362

2. Motion of Debtor under § 543 to Remove Court Appointed Receiver

3. Motion of Debtor for Leave to Use Cash Collateral

These three issues were consolidated for trial on a fast pace required by 11 U.S.C. § 362(e)(1) which requires at least a preliminary hearing within 30 days. However, Debtor moved to disqualify counsel representing the Bank in litigation over the foregoing issues, Much Shelist, P.C. ("Much Shelist"). That Motion was filed a few days before trial was to begin. Debtor's principal, John M. Heinz, filed an affidavit in support contending that he had contacted a lawyer at the Bank's law firm between December 2, 2009 and February 10, 2010, to seek advice on how to defend

the foreclosure suit that had been just filed against the 444 company. Mr. Heinz further averred that he did not recognize the firm name when the firm and its lawyers intervened in the foreclosure case against 444 or at any time before he gave a deposition a few days before trial here was scheduled.

The chronology is important to this ruling:

*December 2, 2009*—New Century Bank, holder of a junior mortgage on the 444 property, filed a foreclosure complaint between December 2, 2009 and February 10, 2010. Heinz sought advice concerning the foreclosure from Harold F. Dembro ("Dembro") an attorney at the law firm of Much Shelist. Mr. Dembro gave some general advice, but neither he nor lawyers of his firm appeared in the foreclosure action to represent 444 or the plaintiff.

*On or about October 26, 2011*—Attorneys from Much Shelist, on behalf of the Northbrook Bank, filed a notice to intervene in the foreclosure action as co-plaintiff against 444.

*July 6, 2012*—a Chapter 11 Petition was filed herein on behalf of 444.

*August 22, 2012*—Mr. Heinz gave a deposition and counsel from Much appeared for the Bank. Heinz claimed that ". . . until August 22, 2012, I did not realize that there was any need to inform" any of the 444 attorneys of the prior pre-bankruptcy contact with Mr. Dembro at Much Shelist P.C.

The parties agreed to consider the affidavits filed by Heinz and the Much Shelist attorney as if those matters sworn to were also testified to, and waived their right to obtain further testimony or cross-examinations from those persons.

 444 contends that Northbrook's firm is disqualified under the Illinois Rules of Professional Conduct. The applicable rules, however, are those that have been adopted by the Northern District of Illinois in Local Rules. All attorneys and firms practicing in the Northern District are bound by these rules. *Safe–T–Products v. Learning Res., Inc. et al.*, No. 01 C 9498, 2002 U.S. Dist. LEXIS, at *5 (N.D.Ill., Oct. 24, 2002) Those Rules are substantially similar to the Illinois Rules, however. The Rules relevant to this matter are Local Rules 83.51.9(a) and 83.51.10. Pursuant to Local Rule 83.51(9)(a), a lawyer who has formerly represented a client in a matter shall not, without the former client's consent, thereafter represent another party in the same or a substantially related matter in which the party's Interests are materially adverse to the interests of the former client. *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897, 2001 WL 103419, at *1, 2001 U.S. Dist. LEXIS 24911 (N.D.Ill. Jan. 30, 2001). Local Rule 83.51.10 bars a lawyer associated with a firm from representing a client when the lawyer knows that LR 83.51.9 would prohibit another lawyer associated with that firm from taking on the representation. *Id.* Disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir.1993) (quoting, *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir.1983)).

[3, 4] In determining whether disqualification is required, courts in this Circuit employ a three-step analysis. *Safe–T–Products v. Learning Res., Inc. et al.*, No. 01 C 9498, 2002 U.S. Dist. LEXIS, at *8. First, it must be determined whether a substantial relationship exists between the subject matter of the prior and present representations. The Seventh Circuit has explained, the term "substantially related" boils down to whether the lawyer could have obtained confidential information in the first representation that is potentially

relevant in the second. *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir.1983). Second, if decided that a substantial relationship does exist, it must next be ascertained whether the presumption of shared confidences with respect to prior representation has been rebutted. If this presumption is not rebutted, it must then be determined whether the presumption of shared confidences has been rebutted with respect to the present representation. *Cromley v. Bd. of Ed. Of Lockport Twp. Sch. Dist. 205*, 17 F.3d 1059, 1067 (7th Cir.1994). If the attorney in question is unable to rebut this second presumption, disqualification is proper.

Under the circumstances described by the affidavits and not rebutted, it may be assumed without deciding that a substantial relationship could have existed between bankruptcy issues and the foreclosure issues, that a presumption arose of significant shared information with respect to the prior communications but has not been rebutted with respect to the former communications or present representation. *See Safe–T–Products v. Learning Res., Inc. et al.*, 2002 U.S. Dist. LEXIS, at *8–9.

 However, by delaying from October 26, 2011 to August of 2012, to assert any issue as to possible disqualification of counsel, 444 did not allow the Bank to consider alternative counsel in the fast-moving bankruptcy litigation, and therefore waiver of any right to assert the instant Motion by Northbrook must be considered.

Waiver is a valid basis for the denial of a motion to disqualify. A former client who is entitled to object to an attorney's representation of an adverse party on the grounds of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right. *Chemical Waste Management, Inc. v. Sims*, 875 F.Supp. 501, 504–5

(N.D.Ill.1995). Although the length of the delay in bringing a motion to disqualify counsel is obviously important, it is not dispositive. *Id.* at 505. A court should also consider factors such as when the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred; and whether disqualification would result in prejudice to the nonmoving party. *Id.* (citations omitted).

*Safe–T–Products v. Learning Res., Inc. et al.*, 2002 U.S. Dist. LEXIS, at *23–24.

 Even if the grounds discussed above for possible disqualification could be established, under circumstances presented here, the possibility of asserting that has been waived in this bankruptcy case by the extraordinary delay of Mr. Heinz to wake up to his former contact with Northbrook's law firm and inform his lawyers about the earlier contact with a lawyer in the firm. Given the pace at which the Bankruptcy Code requires Motions to Modify Stay to be decided, no other counsel could have been found and prepared if employed a few days before trial when Mr. Heinz first went to his lawyer with the remembered contact with a Much Shelist firm lawyer. The prejudice to Northbrook if its lawyers were then disqualified is obvious, Mr. Heinz had no excuse for the delay except his own inattention.

Therefore, it was earlier announced that the Motion to Disqualify Northbrook's counsel would be denied pursuant to an opinion to be prepared. Trial then proceeded. However, as earlier announced, Much Shelist was to establish an in-house barrier to any communication between lawyers working on any bankruptcy matters involving Northbrook Bank and the attorney originally contacted by Mr. Heinz. Such barrier was to be established by in-house procedures and orders, and a

report describing same to be filed of record herein.

## CONCLUSION

For reasons stated the Motion of 444 to disqualify counsel for Northbrook is denied *nunc pro tunc* the date this ruling was announced.